[927 NYS2d 265]

In the Matter of JOHN R. PETRONE II, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, July 8, 2011

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi*, Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondents, John R. Petrone II and Lori E. Petrone, were admitted to the practice of law by this Court on February 7, 1986 and January 11, 1990, respectively. Respondents are principals and owners of the law firm Petrone & Petrone, a professional corporation that maintains its headquarters in Utica.

The Grievance Committee filed a petition charging respondents with acts of misconduct arising from the use and maintenance of their attorney trust account. Respondents filed answers admitting the material allegations of the petition and appeared before this Court and submitted matters in mitigation.

Respondents admit that, over a period of 30 months, they failed to maintain a balance in their attorney trust account sufficient to satisfy their obligations to their clients and other third parties, transferred funds from their attorney trust account to their law firm operating account for purposes unrelated to client matters, failed to make contemporaneous entries in client account records regarding transactions in the attorney trust account, and transferred funds from their law firm operating account to their attorney trust account, thereby commingling personal and law firm funds with client funds.

We conclude that respondents have violated the following Disciplinary Rules of the Code of Professional Responsibility and Rules of Professional Conduct:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on their fitness as lawyers;

DR 9-102 (a) (22 NYCRR 1200.46 [a]) and rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0)—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]) and rule 1.15 (b) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0)—

failing to maintain client funds in a special account separate from their business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]) and rule 1.15 (c) (3) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to maintain complete records of all funds of a client or third person coming into their possession and to render appropriate accounts to the client or third person regarding them; and

DR 9-102 (e) (22 NYCRR 1200.46 [e]) and rule 1.15 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0)—making withdrawals by bank transfer without the prior written approval of the party entitled to the proceeds.

We have considered, in mitigation, that respondents reported their misconduct to the Grievance Committee and funded an audit of their attorney trust account, and that no client was permanently deprived of funds or was aware that funds were used improperly. Additionally, we have considered the previously unblemished record of respondents, their expression of remorse and their cooperation with the Grievance Committee's investigation. Finally, we have considered respondents' submission establishing that the misconduct occurred at a time when they were under extreme stress arising from the reorganization of their law firm.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondents should be suspended from the practice of law for a period of one year, and until further order of this Court. We direct, however, that the suspension be stayed on condition that respondents, in accordance with the order entered herewith, submit to the Grievance Committee quarterly reports prepared by a certified public accountant confirming that they are maintaining their attorney trust account and preserving client funds in compliance with the Rules of Professional Conduct (22 NYCRR part 1200) (see *Matter of McGinty*, 52 AD3d 1110 [2008]).

CENTRA, J.P., PERADOTTO, LINDLEY, GREEN and MARTOCHE, JJ., concur.

Order of suspension entered.